UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,
           Plaintiff(s),                      CASE NO.: 2:05-CV-40263

vs.                                            HON. PAUL V. GADOLA
                                                MAG. JUDGE STEVEN D. PEPE

CHARLES C. CONAWAY, and
JOHN T. McDONALD, JR.
           Defendant(s).
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO FOR LEAVE TO TAKE 18 VIDEOTAPED TRIAL DEPOSTIONS (Dkt #43)

On August 10, 2007, Plaintiff filed a motion pursuant to 30(a)(2)(A) and Fed. R. Civ. P. 26(b)(2) for leave to take up to 25 videotaped trial depositions (Dkt. # 43)[1].

Fed. R. Civ. P. 30(a)(2) (A) provides:

(a) When Depositions May Be Taken; When Leave Required.
(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties.

    (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs
    . . . .

Fed. R. Civ. P. 26(b)(2) provides:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(2) Limitations.
(A) By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30...
(C) The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:

---

[1] Prior to filing this motion and pursuant to Local Rule 7.1(a)(2)(A), Plaintiffs contacted Defendants seeking Defendants' permission to conduct more than 10 depositions.

1

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Defense counsel filed a response to this motion on September 5, 2007 (Dkt. # 47). Plaintiff replied to Defendants' motion on September 19, 2007 (Dkt. # 51). Plaintiff's reply decreased the number of depositions specifically requested from 25 to 18. Plaintiff's reply also identified and explained the rationale for deposing each of these 18 individuals.

Plaintiff claims that this suit's size and complexity prevent it from being prepared under the standard 10 deposition limit. To prove that the Defendants engaged in fraud by misrepresentation, Plaintiff claims that it will need to depose 18 specific individuals [2].

Plaintiff acknowledges that it must prove that the Defendants acted with *scienter* and that Defendants' false statements were material. It is for this reason that Plaintiff believes additional depositions are required. Only by obtaining such depositions can Plaintiffs show that Kmart: (1) systematically delayed vendor payments, (2) concealed Kmart's financial condition from the public and (3) lied about why payments were delayed.

Defendants counter by admitting that Kmart "slow paid" vendors for 10 weeks during the Fall of 2001. Accordingly, they argue that the case's scope is narrow: (1) was there an

---

[2] In Appendix B to its Motion for Leave to Take up to Twenty-Five Videotaped Trial Depositions, Plaintiff lists 22 individuals whom they intend to depose. Plaintiff's most recent filing refined that list to 18 people, including the defendants (Dkt. # 51).

obligation to disclose the slow payments to the public, and (2) if there was such an obligation, was the failure to disclose part of an effort to defraud the public?  Such a narrow scope, according to the Defendants does not require the Court to grant leave for additional depositions beyond the 10 granted per the Federal Rules.

A telephonic hearing on this motion was held on September 25, 2007.

For the reasons stated on the record, Plaintiff's motion to take the depositions of the named individuals in their Reply brief (Dkt. # 51) to this motion is GRANTED.  Plaintiff will need concurrence of Defendants' counsel or further Court authorization for any additional depositions.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy  as provided for in 28 U.S.C. § 636(b)(1),  Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order  to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**


Date: September 28, 2007                                                                s/Steven D. Pepe
Ann Arbor, Michigan                                                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Alan M. Lieberman, Dean M. Conway, Ellen E. Christensen, Robert I. Dodge, Hille R. Sheppard, Todd R. Mendel, Scott R. Lassar, John F. Sylvia, McKenzie E. Webster, Steven C. Susser ,and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: Reid A. Muoio, U.S. Securities & Exchange Comm., 100 F. St., N.E., Room 7533, Washington, D.C. 20549

                s/ James P. Peltier
                Courtroom Deputy Clerk
                U.S. District Court
                600 Church St.
                Flint, MI 48502
                810-341-7850
                pete_peltier@mied.uscourts.gov