UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,
        Plaintiff,                                             CASE NO.: 2:05-CV-40263

vs.

                                                                         MAGISTRATE JUDGE STEVEN D. PEPE

CHARLES C. CONAWAY
        Defendant.
_____/

**ORDER REGARDING DEFENDANT'S MOTION
TO EXCLUDE RECORDING AND TRANSCRIPT FROM
KMART'S NOVEMBER 27, 2001 ANALYST CONFERENCE CALL**

On April 27, 2009, Charles C. Conaway filed a motion in limine to exclude the recording and transcript from Kmart's November 27, 2001 analyst conference call. The issue before the court is whether the SEC has laid a sufficient foundation that the tape and transcript are authentic, accurate and trustworthy.

**A.**    **The Recording**

Mr. Conaway argues that an audio recording is admissible only when it is accurate, authentic, and trustworthy, assessed by the following criteria: (1) the recording device was capable of accurately recording the conversation; (2) the operator of the device was competent to operate it; (3) the recording is authentic and correct; (4) changes, additions, or deletions have not been made; (5) the recording has been preserved in a manner shown to the court; (6) the speakers are identified; and (7) the conversation elicited was made voluntarily, in good faith, and without any kind of inducement. *See, e.g., United States v. Enriques*, 1994 U.S. App. LEXIS 23080, *15 (6th Cir. Aug. 23, 1994) (*citing United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974)); *Snyder*, 508 F. Supp. 2d at 412; *United States v. Sarraga-Solana*, 2005 U.S. Dist. LEXIS 40019, *15 (D. Del. Oct. 6, 2005).

As to the first two factors, Mr. Conaway claims the SEC has presented no evidence concerning who recorded the conference call, whether the recording equipment was capable of accurately recording the conversation, or concerning the operator's competence to operate the equipment. As to the third and fourth factor, Conaway argues the recording omits significant portions of the call. Conaway also notes that a break in the tape includes a sound suggesting the tape was spliced.

As to the fifth factor, Conaway asserts that the SEC's four chain of custody affidavits contain vague and ambiguous language and do not establish a continuous chain of custody.

**B.     The Transcript.**

With respect to the transcript, Mr. Conaway insists that a transcript of a recording typically is not evidence. Further, the "preferred practice [within the Sixth Circuit] is not to submit transcripts to the jury unless the parties stipulate to their accuracy." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). Yet, Conaway claims the SEC has made no attempt to identify the transcriber, ascertain the transcriber's qualifications, or verify whether the transcriber used an accurate recording of the call. Moreover, Conaway identifies a handful of discrepancies between the transcript and the recording, which he claims undermines the reliability of both.

The SEC notes that admission of tapes is within the discretion of the trial court if the tapes are "authentic, accurate and trustworthy" and are "audible and sufficiently comprehensible for the jury to consider their contents." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). The SEC contends there is no requirement that the proponent show by whom, how or when the tape was made. *Zieman v. City of Detroit*, 81 F.3d 162, 1996 WL 140328 at *5 (6th Cir. 1996) (permitting the display of video recording). Indeed, the SEC notes that the Sixth

Circuit has never held that an audio or video recording cannot be admitted without specific testimony as to the machinery used to make the recording or the qualifications of the person who made it. With respect to transcripts, the Sixth Circuit has similarly avoided arbitrary and technical obstacles to admissibility.

In order to establish that the tapes are admissible as business records under Fed. R. Evid. 803(6), the SEC has submitted a Fed. R. Evid. 902(11) declaration under 28 U.S.C. § 1746 from Juli S. Musch, the Kmart Divisional Vice President who was responsible for and made arrangements for the recording and transcript to be made of the November 27, 2001, conference call. She noted such tapes and transcripts of quarterly earning release conference calls were ordered and retained in the ordinary course of Kmart's business. She initially assumed custody of the November 27, 2001, conference call tape and transcript and kept these with the tapes and transcripts of prior quarterly earning release conference calls. She noted after she left Kmart, Ms. Musch's secretary Vicky Tremlett (who is apparently her current secretary) turned the transcript and audiotapes over to Skadden Arps in or abut July 2002. (At the hearing it was requested that a declaration from Ms. Tremlett be provided to the Court.). Ms. Musch noted she had no reason to believe either the transcript or tapes were altered or tampered with while in her custody. Charles Smith, the Skadden Arps partner who represented Kmart in the bankruptcy proceedings, maintained custody of the tapes and provided a declaration under 28 U.S.C. § 1746, that he produced the tape (Bates Number 451580) to the SEC pursuant to an investigative subpoena. He also noted he had no reason to believe the tape was altered or tampered with while in Skadden's custody. Reid Muoio, then a Branch Chief in the SEC's Enforcement Division., provided a declaration under 28 U.S.C. § 1746 noting that he maintained the tape (Bates Number 451580) until he turned it over to the SEC trial counsel in this case, and he had no reason to believe the

tape was altered or tampered with while in his custody.

The November 27 audio recording was not a surreptitious wiretap but was made by a professional firm retained in accordance with Kmart's established corporate policy.  Upon representation of SEC counsel, the tape has high sound quality, indicating the recording device was capable of making the recording and the operator was competent to operate it.  Defendants Conaway and McDonald are identified on the tape. And neither has denied having made the statements attributed to him. Upon representation of SEC counsel, the majority of Conaway's and McDonald's statements were read from a prepared script, which document Defendant Conaway is not challenging.[1]  Upon representation of SEC counsel, the words on the audio tape are nearly identical to both the transcript and the script from which Conaway and McDonald were reading, providing circumstantial verification that the audiotape is what the audiotape is represented to be.  The transcript covers the entire conference call, with no significant omissions.

The SEC argues that the only defects identified in Conaway's in limine motion are minor and have no bearing on the substance of the transcript. These defects, the SEC contends, are limited to several circumstances when words were lost because the two speakers were talking at the same time or because the speaker failed to articulate his words clearly. The minor transcription errors – such as "really" when the context suggested the correct word used was "rally" –  are typical of any court-reporter's transcript but do not materially alter the meaning of the remarks.  The SEC also explains the one short break in the audio recording as the time when the sound engineer had to flip the 45 minute tape from the "A" side to the "B" side.  When this

---

[1] At the May 7, 2009, hearing on this motion, the undersigned noted I would listen to the tape if needed at the request of defense counsel to verify the accuracy of the transcript, its similarity to the prepared script and, if needed, leave the accuracy of the transcript and the audiotape to the jury.  Defense counsel was given until May 11 to determine whether to make this request.

was done, a short portion of the conference call was not recorded both because of the time taken to remove and reinsert the tape and the additional portion lost on the non-magnetic leader tape on the cassette.

**Conclusion:**

It is found that under Fed. R. Evid. 104(a) the SEC has laid a sufficient foundation that the audio tape and transcript are authentic, accurate and trustworthy reproductions of the November 27, 2001 Kmart analyst conference call and qualify as a business record under Rule 803(6).  The initial decision under Fed. R. Evid. 104(a) whether to conditionally admit evidence whose authenticity is in doubt is made by the court, and need not be based on admissible evidence.  *See, e.g., United States v. Puttick*, 288 Fed. Appx. 242 (6th Cir. 2008).  Once admitted, the jury ultimately decides whether the evidence is what the proponent maintains it to be.  *Id.*

Here, based upon the representations of SEC counsel (and subject to Court verification if requested by defense counsel) the tape and the transcript closely tracks the pre-prepared script written for Mr. Conaway and Mr. McDonald.  Mr. Conaway has never denied that it his voice on the tape.  The transcript also follows the tape with minor transcription errors and omission when the tape was turned over.  Any breaks in the chain of custody should be cured by a declaration from Ms. Tremlett to be provided to the Court.  Absent such a declaration, this minor omission goes to the weight of the evidence rather than the admissibility.  *See United States v. Butler*, 137 Fed. Appx. 813 (6th Cir. 2005).

While Mr. Conaway counsel suggested at the hearing on this motion that the transcript be admitted in lieu of the tape, the SEC is entitled to present to the jury the actual voice of Conaway making the statements that form the basis of this case.

Accordingly, Defendant Conaway's motion to exclude the recording and transcript from

Kmart's November 27, 2001 conference call is **DENIED.**

Again, counsel for Mr. Conaway is free to challenge the authenticity of the tape and transcript at trial. If counsel for Mr. Conaway makes such a request, the Court will instruct the jury to make an initial determination whether the tape and transcript are authentic and, if not, disregard the evidence in its deliberations.

**SO ORDERED.**

Date: May 11, 2009                                                          s/Steven D. Pepe
Ann Arbor, Michigan                                                       United States Magistrate Judge


Certificate of Service


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 11, 2009 .

                                                                s/Jermaine Creary
                                                                Deputy Clerk