SEC v. Conaway et al., Case No. 05-40263

**VERDICT FORM**

FILED
JUN - 1 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

**CLAIM ONE**

**Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 Promulgated Thereunder**

**For each Question below, please refer to the corresponding jury instructions for Claim One.**

After you have answered questions 1 through 7 below, you will be asked to answer the following question:

> Did Charles Conaway violate Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder with respect to one or more of the alleged statements or omissions in questions 1 through 7?

1. With respect to the statement in the Management Discussion & Analysis section of Kmart's Form 10-Q that, "Our primary sources of working capital are cash flows from operations and borrowings under our credit facilities,"

   Do you find by a preponderance of the evidence:

   a. That Charles Conaway made the statement or caused the statement to be made?

      Answer: Yes ✓   No _____

1

# CLAIM ONE

    b.    That the statement was false or misleading?

           Answer: Yes ___✓___   No _____

    c.    That the statement was material?

           Answer: Yes ___✓___   No _____

    d.    That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

           Answer: Yes ___✓___   No _____

2.    With respect to the statement in the Management Discussion & Analysis section of Kmart's Form 10-Q that, "Inventory increased … due to seasonal inventory fluctuations and actions taken to improve our overall in-stock position,"

    Do you find by a preponderance of the evidence:

    a.    That Charles Conaway made the statement or caused the statement to be made?

           Answer: Yes ___✓___   No _____

    b.    That the statement was false or misleading?

           Answer: Yes ___✓___   No _____

    c.    That the statement was material?

           Answer: Yes ___✓___   No _____

## CLAIM ONE

    d.    That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

          Answer: Yes ✓   No _____

3.    With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not identify a known material liquidity event that occurred in the third quarter of 2001,

    Do you find by a preponderance of the evidence:

    a.    That Charles Conaway made the omission or caused the omission to be made?

          Answer: Yes ✓   No _____

    b.    That Kmart had a known material liquidity event that occurred in the third quarter of 2001?

          Answer: Yes ✓   No _____

    c.    That Kmart was required to disclose this fact under Item 303 of Regulation S-K?

          Answer: Yes ✓   No _____

    d.    That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

          Answer: Yes ✓   No _____

## CLAIM ONE

    e.    That the omitted fact was material?

            Answer:  Yes   ✓   No _____

    f.    That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

            Answer:  Yes   ✓   No _____

4.    With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not disclose that Kmart had a material liquidity deficiency during the third quarter of 2001 or the course of action involving the delay of vendor payments taken by Kmart's management to remedy that deficiency,

    Do you find by a preponderance of the evidence:

    a.    That Charles Conaway made the omission or caused the omission to be made?

            Answer:  Yes   ✓   No _____

    b.    That Kmart had a material liquidity deficiency during the third quarter of 2001 and, if so, remedied that deficiency by a course of action involving the delay of vendor payments?

            Answer:  Yes   ✓   No _____

## CLAIM ONE

   c.      That Kmart was required to disclose these facts under Item 303 of Regulation S-K?

           Answer: Yes ___✓___   No _____

   d.      That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

           Answer: Yes ___✓___   No _____

   e.      That the omitted facts were material?

           Answer: Yes ___✓___   No _____

   f.      That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

           Answer: Yes ___✓___   No _____

5.    With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not identify the delay in vendor payments as a material change in an internal source of liquidity during the third quarter of 2001,

   Do you find by a preponderance of the evidence:

   a.      That Charles Conaway made the omission or caused the omission to be made?

           Answer: Yes ___✓___   No _____

## **CLAIM ONE**

b. That the delay in vendor payments was a material change in an internal source of liquidity during the third quarter of 2001?

   Answer: Yes ✓    No _____

c. That Kmart was required to disclose this fact under Item 303 of Regulation S-K?

   Answer: Yes ✓    No _____

d. That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

   Answer: Yes ✓    No _____

e. That the omitted fact was material?

   Answer: Yes ✓    No _____

f. That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

   Answer: Yes ✓    No _____

## CLAIM ONE

6. With respect to the statement on the conference call with analysts on November 27, 2001, that "We've clearly caused some systems issues, as John mentioned. During our accounts payable conversion, certain invoices were dropped and has clearly caused some confusion,"

    Do you find by a preponderance of the evidence:

    a. That the statement was false or misleading?

        Answer:  Yes ___✓___   No _____

    b. That the statement was material?

        Answer:  Yes ___✓___   No _____

    c. That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

        Answer:  Yes ___✓___   No _____

7. With respect to the statement on the conference call with analysts on November 27, 2001, that, "... And then, I just think there is a – you know, there was a lot of noise from a small group of suppliers," which was in response to an analyst's question, "And in terms of the vendors and the payables, ... what has been the biggest problem with the vendors?"

## CLAIM ONE

Do you find by a preponderance of the evidence:

a. That the statement was false or misleading?

    Answer: Yes ✓   No _____

b. That the statement was material?

    Answer: Yes ✓   No _____

c. That Charles Conaway acted with intent to defraud or with reckless disregard for the truth?

    Answer: Yes ✓   No _____


Did Charles Conaway violate Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder with respect to one or more of the alleged statements or omissions in questions 1 through 7?

    Answer: Yes ✓   No _____

SEC v. Conaway et al., Case No. 05-40263

# CLAIM TWO

## Aiding and Abetting Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 Promulgated Thereunder

**For each Question below, please refer to the corresponding jury instructions for Claim Two.**

After you have answered questions 1 through 4 below, you will be asked to answer the following question:

> Did Charles Conaway aid and abet one or more violations by Kmart Corporation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder as to the Kmart Form 10-Q for the quarterly period ending October 31, 2001?

Do you find by a preponderance of the evidence:

1.  That Kmart violated Section 10(b) and Rule 10b-5 with respect to one or more of the following statements or alleged omissions:

    a.  With respect to the statement in the Management Discussion & Analysis section of Kmart's Form 10-Q that "Our primary sources of working capital are cash flows from operations and borrowings under our credit facilities," do you find:

        i.  That the statement was false or misleading?

            Answer: Yes ✓    No ___

## CLAIM TWO

    ii. That the statement was material?

        Answer: Yes ✓    No ____

    iii. That Kmart acted with intent to defraud or with reckless disregard for the truth?

        Answer: Yes ✓    No ____

b. With respect to the statement in the Management Discussion & Analysis section of Kmart's Form 10-Q that "Inventory increased … due to seasonal inventory fluctuations and actions taken to improve our overall in-stock position," do you find:

    i. That the statement was false or misleading?

        Answer: Yes ✓    No ____

    ii. That the statement was material?

        Answer: Yes ✓    No ____

    iii. That Kmart acted with intent to defraud or with reckless disregard for the truth?

        Answer: Yes ✓    No ____

c. With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not identify a known material liquidity event that occurred in the third quarter of 2001, do you find:

    i. That Kmart had a known material liquidity event that occurred in the third quarter of 2001?

        Answer: Yes ✓    No ____

# CLAIM TWO

    ii.  That Kmart was required to disclose this fact under Item 303 of Regulation S-K?

          Answer: Yes ✓    No _____

    iii.  That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

          Answer: Yes ✓    No _____

    iv.  That the omitted fact was material?

          Answer: Yes ✓    No _____

    v.  That Kmart acted with intent to defraud or with reckless disregard for the truth?

          Answer: Yes ✓    No _____

d.  With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not disclose that Kmart had a material liquidity deficiency during the third quarter of 2001 or the course of action involving the delay of vendor payments taken by Kmart's management to remedy that deficiency, do you find:

    i.  That Kmart had a material liquidity deficiency during the third quarter of 2001 and, if so, remedied that deficiency by a course of action involving the delay of vendor payments?

          Answer: Yes ✓    No _____

11

## CLAIM TWO

    ii. That Kmart was required to disclose these facts under Item 303 of Regulation S-K?

        Answer: Yes ✓   No ___

    iii. That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

        Answer: Yes ✓   No ___

    iv. That the omitted facts were material?

        Answer: Yes ✓   No ___

    v. That Kmart acted with intent to defraud or with reckless disregard for the truth?

        Answer: Yes ✓   No ___

c. With respect to the alleged omission from the Management Discussion & Analysis section of Kmart's Form 10-Q that it did not identify the delay in vendor payments as a material change in an internal source of liquidity during the third quarter of 2001,

    i. That the delay in vendor payments was a material change in an internal source of liquidity during the third quarter of 2001?

        Answer: Yes ✓   No ___

    ii. That Kmart was required to disclose this fact under Item 303 of Regulation S-K?

        Answer: Yes ✓   No ___

## CLAIM TWO

    iii.  That the omitted fact was necessary in order to make the Management Discussion & Analysis section of the Form 10-Q, in light of the circumstances under which it was made, not misleading?

          Answer: Yes ✓    No _____

    iv.  That the omitted fact was material?

          Answer: Yes ✓    No _____

    v.  That Kmart acted with intent to defraud or with reckless disregard for the truth?

          Answer: Yes ✓    No _____

2.  That Charles Conaway had a general awareness that his role was part of an overall activity that was improper?

          Answer: Yes ✓    No _____

3.  That Charles Conaway knowingly assisted Kmart in its violation of Section 10(b) and Rule 10b-5?

          Answer: Yes ✓    No _____

4.  That Charles Conaway substantially assisted Kmart in its violation of Section 10(b) and Rule 10b-5?

          Answer: Yes ✓    No _____

SEC v. Conaway et al., Case No. 05-40263

## CLAIM TWO

Did Charles Conaway aid and abet one or more violations by Kmart Corporation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder as to the Kmart Form 10-Q for the quarterly period ending October 31, 2001?

Answer:  Yes  ✓    No _____

## CLAIM THREE

**Aiding and Abetting Section 13(a) of the Securities Exchange Act of 1934 and Rule 12b-20 and 13a-13 Promulgated Thereunder**

**For each Question below, please refer to the corresponding jury instructions for Claim Three.**

After you have answered questions 1 through 4 below, you will be asked to answer the following question:

> Did Charles Conaway aid and abet one or more violations by Kmart Corporation of Section 13(a) of the Securities Exchange Act of 1934 and Rules 12b-20 and 13a-13 promulgated thereunder as to the Kmart Form 10-Q for the quarterly period ending October 31, 2001?

Do you find by a preponderance of the evidence:

1. That Kmart violated Section 13(a) and Rules 12b-20 and 13a-13 in its Form 10-Q for the third quarter of 2001 with respect to one or more of the statements or alleged omissions in Question 1 under Claim Two? (Please base your answer to this question on your answers to Question 1 under Claim Two, except do not consider the question: "That Kmart acted with intent to defraud or with reckless disregard for the truth?" As set forth in Instruction No. 31 at page 40, you

## CLAIM THREE

do not need to find that Kmart acted knowingly or recklessly in order for Kmart to have violated Section 13(a) and Rules 12b-20 and 13a-13.)

        Answer: Yes ___✓___   No _____

2. That Charles Conaway had a general awareness that his role was part of an overall activity that was improper?

        Answer: Yes ___✓___   No _____

3. That Charles Conaway knowingly assisted Kmart in its violation of Section 13(a) and Rules 12b-20 and 13a-13?

        Answer: Yes ___✓___   No _____

4. That Charles Conaway substantially assisted Kmart in its violation of Section 13(a) and Rules 12b-20 and 13a-13?

        Answer: Yes ___✓___   No _____

Did Charles Conaway aid and abet one or more violations by Kmart Corporation of Section 13(a) of the Securities Exchange Act of 1934 and Rules 12b-20 and 13a-13 promulgated thereunder as to the Kmart Form 10-Q for the quarterly period ending October 31, 2001?

        Answer: Yes ___✓___   No _____

<u>SEC v. Conaway et al.</u>, Case No. 05-40263

The jury reached the above answers unanimously.

Signed:

      s/Jury Foreperson
——————————————
Forep

Dated: _____6/1/09_____