UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,
        Plaintiff,                              CASE NO.: 2:05-CV-40263

vs.

                                                MAGISTRATE JUDGE STEVEN D. PEPE

CHARLES C. CONAWAY
        Defendant.
_____/

**MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION
TO EXCLUDE A CLAIM REGARDING KMART's MD&A FUTURE LIQUIDITY
STATEMENT THAT WAS NOT ALLEGED IN THE COMPLAINT (Dkt. 122)**

    Before the opening statements, Defendant Conaway challenged the SEC's entitlement to assert in its opining statement or at trial as false a sentence in the Management Discussion and Analysis section of Kmart's third quarter 2001 Form 10-Q that reads:

> We believe that future operating cash flows and our financing arrangements …
> will be sufficient to meet our liquidity needs.

The Complaint challenged two specific sentences dealing with past events at Kmart in the MD&A as false or misleading,[1] and challenged several omissions again dealing with past events at Kmart – an overbuy in the third quarter causing or worsening a liquidity crunch and the use of

---

[1] The Complaint at ¶ 31 states:
    The MD&A section describes the causes for those material changes as follows:
    "[i]nventory increased … due to seasonal inventory fluctuations and actions
    taken to improve our overall in-stock position." That description fails to inform
    the reader that a significant cause for those material changes was the COO's
    $850 million Inventory Overbuy ….

The Complaint at ¶ 33 states:
    the MD&A section also states that "[o]ur primary sources of working capital are
    cash flows from operations and borrowings under our credit facilities." This was
    misleading because hundreds of millions of dollars in 'working capital' were
    attributable to Project SID during the third quarter.

1

slow paying vendors as a means of dealing with the liquidity problem in the third quarter of 2001.  It made no challenges to any statements or omissions regarding the future.

Securities fraud claims like those in this case are governed by the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) ("Securities fraud claims arising under Section 10(b), as with any fraud claim, must satisfy the particularity pleading requirements of Rule 9(b)."). Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

The Sixth Circuit in *Frank* held that a fraud claim under Rule 9(b)'s "particularity" requirement must identify *each statement* within each document that the plaintiff alleges amounts to a misrepresentation. *See Frank*, 547 F.3d at 570 ("Plaintiffs' complaint must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the it claims were false or misleading ….'").[2]

Rule 9(b) serves an important function in fraud cases of ensuring that a Complaint pleading fraud provides adequate notice to defendants of the precise charges against which they are required to defend themselves. *See Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) ("the purpose undergirding the particularity requirement of Rule 9(b) is

---

[2] See also *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made ….'"). statements were fraudulent.'"); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("the heightened pleading requirements of Rule 9(b) are met by a complaint that sets out: * * * [*inter alia*] *precisely what statements were made in what documents* or oral representations or what omissions were made") (emphasis added); *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) ("Rule 9(b) … imposes an obligation on plaintiff to 'specify the statements

to provide a defendant fair notice of the substance of a plaintiff's claim"); *Ziemba*, 256 F.3d at 1202 ("The particularity rule [Rule 9(b)] serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"); *Hagen v. U-Haul Co. of Tennessee*, 2009 WL 211094, *7 (W.D.Tenn. Jan. 28, 2009) ("This Rule [9(b)] serves to put defendants on notice of the conduct complained of by the plaintiff to ensure that they are provided sufficient information to formulate a defense."). Requiring fraud claimants to identify each statement within each document that they contend to have been a misrepresentation is necessary to protect defendants from having to prepare a defense establishing the truthfulness of each and every individual statement whether or not specifically challenged by the Plaintiff.

The SEC cites *SEC v. Fisher,* 2008 LEXIS 24184, 2008 WL 822135, 3  (E.D. Mi. 2008), where defendant transferred stock in his company to sham third-party investors through a "limited offering" so as to avoid filing a registration statement with the SEC.  While designed to look like arms-length sales to investors on paper these transactions were sham transactions to companies controlled by defendant's lawyer, who shortly thereafter transferred nearly all of the shares back to accounts controlled by Fisher, his family or business associates.  Following a series of false and misleading press releases issued by defendant, he sold $160,000.00 worth of AVL Global stock to investors who became victims not knowing the company's true financial condition.  This scheme allowed defendant to sell the shares to the public without complying with the registration and disclosure requirements of the securities laws. While the court did not require the complaint to identify certain individuals or companies involved as the fraudulent sham investors the Court noted:

> While it is true that several individuals and corporations are not identified by name, this is not fatal to the SEC's complaint. The time, place, and contents of the alleged misrepresentations are sufficiently identified, and the people involved are reasonably identified for pleading purposes, if not by name

*Id.* 2008 WL 822135, 3 .

Yet, the time, place, and contents of the alleged misrepresentations in *SEC v. Fisher* were sufficiently identified, whereas the time and place are identified in the present case, but not the specific content that the SEC wishes to challenge.  This fails to comply with Rule 9(b)'s"particularity" requirement. For this reasons Defendant's motion was granted.


Date: June 8, 2009                                             s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge



                                    Certificate of Service


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 8, 2009.


                                                  s/Jermaine Creary
                                                  Deputy Clerk